UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY LOUVIERE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-8019** |
| **STATE FARM FIRE & CASUALTY CO., ET AL.** | **SECTION: "K"(1)** |

### ORDER

Before the Court is Plaintiffs' Motion to Remand (Rec.Doc.No. 7). Defendant removed this action alleging jurisdiction under 28 U.S.C. § 1332 (diversity), contending that the only non-diverse party, Defendant Brandon Hays, is improperly joined. Defendants maintain that there is no cause of action against Brandon Hays.

Plaintiffs allege Brandon Hays is individually liable for his failure "to adjust plaintiffs' claims in good faith," and for a "failure to disclose material information to Plaintiff causing further delay and damage to the Plaintiffs as a result." *See* Notice of Removal, Petition, at ¶ XIII (Rec.Doc.No. 1). Plaintiffs further contend that Brandon Hays "arbitrarily and capriciously approved payments of policy proceeds to certain insureds of State Farm while denying payments

for other insureds, including Plaintiffs, when there was no basis in law or fact to do so since all the damage suffered by these insureds were caused by Katrina's wind, rain and tornadoes." *Id.*, Petition, at ¶ XIV.

Defendant contends that Mr. Hays had nothing to do with the adjustment of Plaintiffs' claims. Specifically, Defendant submits the following:

> Mr. Hays' only contact with the Louvieres was a telephone call which he made to them on June 6, 2006, in which he inquired about the extent of their food spoilage, and then sent them a check for $700, the amount of their claimed food spoilage loss.

*See* Opp. Mot. Remand, Affidavit of Alana Griffin, at ¶ 5 (Rec.Doc.No. 8).

Plaintiffs' allegations are highly conclusory. Moreover, their Motion to Remand offers no support or evidence that suggests Mr. Hays had anything to do with the claims adjustment. It seems apparent that Mr. Hays was simply a claims representative at State Farm, and was not a claims adjuster.

Because this situation is one in which the Petition has apparently "misstated or omitted discrete facts" the Court can conduct a summary-type inquiry to determine if there is a cause of action against Mr. Hays. *Lieschen Clover v. Allstate Ins. Co.*, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006) (*citing Smallwood v. Illinois Central Railroad* Co., 385 F.3d 568 (5th Cir. 2004). Clearly, Mr. Hays cannot be held liable for improper adjustment when he was not involved in the adjustment of plaintiffs claims. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec.Doc.No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Brandon Hays is **DISMISSED** from this action.

New Orleans, Louisiana, on this 26th day of January, 2007.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**